UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRIERSON, Individually and as Administrator of the ESTATE OF JIM ROGERS, Decedent,<br><br>                    Plaintiff,<br>v.<br><br>CITY OF PITTSBURGH, a Municipal Corporation, OFFICERS KEITH EDMONDS, individually and in his official capacity, LIEUTENANT MATT GAUNTNER, individually and in his official capacity, ROBERT PEDEY, individually and in his official capacity, PAT DESARO, individually and in his official capacity, GREG BOSS, individually and in his official capacity, JEFF DEAN, individually and in his official capacity, PAUL FROEHLICH, individually and in his official capacity, NEYIB VELAZQUEZ, individually and in his official capacity, LEROY SCHROCK, individually and in his official capacity, SARGEANT COLBY NEIDIG, individually and in his official capacity and SARGEANT CAROL EHLINGER, individually and in his official capacity, JOSHUA PARKINSON, individually and in his official capacity and ROMI CHAOUK, individually and in his official capacity,<br><br>                    Defendants. | **CIVIL DIVISION**<br><br>No. 2:22-cv-00523<br><br>Chief Magistrate Judge Cynthia Reed Eddy<br><br>*Electronically Filed*<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

AND NOW, comes Matthew Gauntner, by and through his counsel, MARK R. HAMILTON, ESQ. and SUMMERS, MCDONNELL, HUDOCK, GUTHRIE & RAUCH,

P.C. and files the within Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint as follows:

1. The allegations contained in Paragraph 1 constitute conclusions of law which require no response.

2. The allegations contained in Paragraph 2 are directed to Defendants other than this Answering Defendant and, as such, require no response. To the extent that any of the allegations are directed to Lieutenant Matt Gauntner, they are denied.

3. To the extent that any factual allegations contained in Paragraph 3 are consistent with recorded 911 records, they are admitted.

4-5. The allegations contained in Paragraphs 4 and 5 are directed to a Defendant other than this Answering Defendant and, as such, require no response

6. To the extent that the allegations contained in Paragraph 6 are directed to this Defendant, Matt Gauntner, it is admitted that he arrived at the scene in response to a police call for assistance.

7. To the extent that the allegations contained in Paragraph 7 are directed to Defendants other than this Answering Defendant, they require no response. To the extent that allegations are directed to Defendant Gauntner, the averments are denied as stated. In support of said denial, it is averred that Lieutenant Matt Gauntner directed officers to transport Mr. Rogers to a hospital for medical clearance in accordance with the policies and procedures of the City of Pittsburgh Police Department. It is further averred that at no time prior to said transport was Lieutenant Matt Gauntner made aware that Mr. Rogers was in any medical distress.

8.     The allegations contained in Paragraph 8 are directed to parties other than this Answering Defendant and, as such, require no response.

9.     To the extent that the allegations contained in Paragraph 9 are directed to Defendants other than this Answering Defendant, no response is required. To the extent that said allegations are directed to Defendant Gauntner they are denied.

10.    The allegations contained in Paragraph 10 are admitted.

11.    To the extent that the allegations contained in Paragraph 11 are directed to Defendants other than this Answering Defendant, no response is required. To the extent that said allegations are directed to Defendant Gauntner it is averred that at no time prior to his medical transport, did Lieutenant Gauntner become aware that Mr. Rogers was in any medical distress so as to require "immediate medical care". Further, the transport to Mercy Hospital was based upon the accepted practice and customs of the City of Pittsburgh Police Department.

12-13. The allegations contained in Paragraphs 12 and 13 are directed to parties other than this Answering Defendant and, as such, require no response.

14.    It is admitted that Mr. Rogers died on October 14, 2021. The remaining allegations contained in Paragraph 14 are directed to a Defendant other than Defendant Gauntner and, as such, require no response.

15.    Paragraph 15 contains no factual averments; instead, sets forth conclusions of law which require no response. To the extent that said allegations may require a response and are directed to this Defendant, it is denied that Lieutenant Matt Gauntner violated any rights of the Plaintiff's Decedent under federal or state law.

16. Defendant incorporates herein his responses to Paragraphs 1 through 15 above as though fully set forth.

17-19. Inasmuch as the allegations contained in Paragraphs 17 through 19 contain no factual averments and state conclusions of law, no response is required. It is, however, admitted that Plaintiff's Complaint purports to allege one or more claims over which this Court has jurisdiction and that venue is proper in this Court. To the extent the allegations allege and/or imply that this Defendant violated any rights of the Plaintiff's Decedent under federal or state law, said allegations are denied.

20-21. After reasonable investigation, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 20 and 21.

22-23. To the extent that the allegations contained in Paragraphs 22 and 23 are directed to parties other than this Answering Defendant, they require no response. To the extent that a response is required, it is admitted that at all times relevant, Lieutenant Matt Gauntner was employed by the City of Pittsburgh as a police officer and, on the morning of October 13, 2021, did, in that capacity, respond to the scene of Plaintiff's Decedent's arrest. All remaining allegations, to the extent they are directed to this Defendant are denied.

24. Admitted.

25-34. The allegations contained in Paragraphs 25 through 34 are directed to parties other than this Answering Defendant and, as such, they require no response.

35. It is admitted that the Plaintiff - - and this Defendant, Lieutenant Matt Gauntner - - request a trial by jury.

36. After reasonable investigation, this Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 36.

37. To the extent that the factual allegations contained in Paragraph 37 are consistent with 911 recordings, they are admitted.

38-39. This Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 38 and 39.

40-44. The allegations contained in Paragraphs 40 through 44 are directed to Defendants other than this Answering Defendant and, as such, require no response. With regard to any remaining factual allegations, this Defendant lacks sufficient knowledge or information to form a belief about the truth of same.

45. To the extent that the allegations contained in Paragraph 45 are directed to Defendants other than Defendant Gauntner, no response is required. It is admitted that Defendant Gaunter arrived on the scene at or after 10:36 a.m. - - after any administrations of a taser and after Mr. Rogers had already been placed in custody.

46. The allegations contained in Paragraph 46 are denied as stated. It is admitted that medical personnel were dispatched to the scene and were requested to decontaminate one or more officers. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations.

47. Defendant Gauntner lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47. To the contrary, it is averred that at no time while on the scene and prior to the medical transport of Mr. Rogers did Defendant Gauntner become aware of any request from Mr. Rogers for

medical help or that he be taken to a hospital. Moreover, at no time while at the scene was Defendant Gauntner apprised that Mr. Rogers was in any medical distress.

48. To the extent that the allegations contained in Paragraph 48 are directed to Defendants other than Defendant Gauntner, they require no response. To the extent that said allegations are directed to Defendant, Matt Gauntner, it is denied that any request for medical help and/or transport to a hospital on behalf of Mr. Rogers was communicated to Defendant Gauntner. The preceding Paragraph of this Answer is incorporated herein by reference.

49-50. The averments contained in Paragraphs 49 and 50 are directed to Defendants other than Defendant, Gauntner and, as such, require no response.

51. Admitted.

52-53. The allegations contained in Paragraphs 52 and 53 are directed to Defendants other than Defendant Gauntner and, as such, require no response. To the extent that any of the allegations are directed to Defendant Gauntner, they are denied and in support of said denial, Paragraphs 47 and 48 of this Answer are incorporated herein by reference.

54-57. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 54 though 57.

58. Admitted.

59-60. The allegations contained in Paragraphs 59 and 60 are directed to Defendants other than Defendant Gauntner and, as such, require no response.

61-62. To the extent that the allegations contained in Paragraphs 61 and 62 are directed to Defendant Gauntner, they are denied. To the extent that said allegations

allege and/or imply that actions and/or omissions attributed to Defendant Gauntner caused or contributed to the death of Mr. Rogers, same are denied.

63-65. The allegations contained in Paragraphs 63 through 65 are directed to Defendants other than Defendant Gauntner and, as such, require no response.

## COUNT I

66-80. The allegations contained in Paragraphs 66 – 80 are directed to Defendant(s) other than this Answering Defendant and, as such, require no response.

## COUNT II

81. Defendant incorporates herein his responses to Paragraphs 1 through 80 above as though fully set forth.

82-90. To the extent that the allegations contained in Paragraphs 82 through 90 are directed to Defendant Gauntner, they are denied.

91-92. This Defendant is aware of the City of Pittsburgh Police Department's Taser Policy. To the extent that it is averred that the excerpts from same constitute the entirety of said Policy, same is denied.

93-97. To the extent that the allegations contained in Paragraphs 93 through 97 are directed to Defendant Gauntner, they are denied.

## COUNT III

98-102. The allegations contained in Paragraphs 98 through 102 are directed to a Defendant other than this Answering Defendant and, as such, require no response.

## COUNT IV

103. Defendant incorporates herein his responses to Paragraphs 1 through 102 above as though fully set forth.

104-108. To the extent that the allegations contained in Paragraphs 104 through 108 are directed to Defendant Gauntner, they are denied.

### COUNT IV

109-122. The allegations contained in Paragraphs 109 through 122 are directed to Defendants other than this Answering Defendant and, as such, require no response.

### COUNT VI

123-131. The allegations contained in Paragraphs 123 through 131 are directed to a Defendant other than this Answering Defendant and, as such, require no response.

### COUNT VII

132. Defendant incorporates herein his responses to Paragraphs 1 through 131 above as though fully set forth.

133-135. To the extent that the allegations contained in Paragraphs 133 through 135 are directed to Defendant Gauntner, they are denied.

136-144. The allegations contained in Paragraphs 136 through 144 are directed to a Defendant other than this Answering Defendant and, as such, they require no response.

### COUNT VII

145. Defendant incorporates herein his responses to Paragraphs 1 through 144 above as though fully set forth.

146-148. To the extent that the allegations contained in Paragraphs 146 through 148 are directed to Defendant Gauntner, they are denied.

149. Any averment contained in the Second Amended Complaint which is not specifically admitted above is hereby denied.

WHEREFORE, Defendant, Lieutenant Matt Gauntner denies liability and requests that judgment be entered in his favor.

JURY TRIAL DEMANDED

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

150.   Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

151.   At all times relevant, Lieutenant Matt Gauntner acted in a manner which was proper, reasonable, lawful and in the exercise of good faith so as to entitle him to qualified immunity as established under Federal jurisprudence.

### Third Affirmative Defense

152.   Plaintiff's claims are barred and/or limited to the extent that the injuries and death of the Plaintiff's Decedent were the result of a pre-existing medical condition.

### Fourth Affirmative Defense

153.   Plaintiff's claims are barred and/or limited to the extent that the injuries and/or death of the Plaintiff's Decedent were the result of an intervening and/or superseding cause not within the control of this Defendant.

### Fifth Affirmative Defense

154.   At all times relevant, Lieutenant Matt Gauntner acted in good faith and with a reasonable belief that his actions were lawful and not in violation of the rights of Plaintiff's Decedent under the Constitution and laws of the United States of America.

### Sixth Affirmative Defense

155. To the extent that Plaintiff's Second Amended Complaint raises state law claims, this Defendant asserts the defense of official immunity under Pennsylvania law.

### Seventh Affirmative Defense

156. To the extent that Plaintiff's Second Amended Complaint raises state law claims, this Defendant asserts all defenses, immunities and limitations of damages available to him under the Pennsylvania Political Subdivision Tort Claims Act.

### Eighth Affirmative Defense

157. Plaintiff's claims are barred or limited to the extent that the injuries and/or death of the Plaintiff's Decedent were the result of no criminal, reckless, careless, negligent or otherwise unlawful conduct.

WHEREFORE, Defendant, Lieutenant Matt Gauntner denies liability and requests that judgment be entered in his favor.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

SUMMERS, MCDONNELL, HUDOCK,
GUTHRIE & RAUCH, P.C.

BY: *[signature]*

Mark R. Hamilton, Esq.
PA ID# 29919
707 Grant Street, Suite 2400
Pittsburgh, PA 15219
412-261-3232
mhamilton@summersmcdonnell.com
Counsel for Lieutenant Matt Gauntner