IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| JAMES FRIERSON, Individually and as administrator of the ESTATE OF JIM ROGERS, Decedent.<br>      Plaintiff,<br>  v.<br>CITY OF PITTSBURGH, A Municipal Corporation, et al.<br>      Defendants. | )<br>)<br>)<br>)<br>) GD No.: 22-523<br>)<br>)<br>) |

## PROTECTIVE ORDER AMENDING PARTIES STIPULATION FOR CONFIDENTIAL LITIGATION MATERIALS

IT IS HEREBY ORDERED that the prior Stipulation by and among the City and Plaintiff to this action that this Amended Stipulation for Confidential Litigation Materials shall amend the previous stipulations signed by all Counsel in the above captioned matter on or around April of 2022 memorialized at ECF No. 134-1.

**Materials Covered**:

1. This Protective Order shall apply to all "Confidential Litigation Materials" disclosed during the court proceedings of the above-captioned litigation only by any party or non-party, including but not limited to the below information disclosed during discovery:

   a. During discovery
   b. In any pleading, document, affidavit, brief, motion, transcript, or other writing
   c. In testimony given in a deposition; or
   d. In any copies, notes, abstracts, or summaries of such information.
   e. Such information and materials shall be hereinafter referred to as "Confidential Litigation
   f. Materials" or "Confidential."

**Definition of Confidential Litigation Materials**

2. "Confidential Litigation Materials" shall include, but not be limited to, all documents, electronically stored information, or other records reflecting, referring to or evidencing: Pittsburgh police procedural orders or training materials' the personnel and/or employment history/profile or any City of Pittsburgh employee, past or present; complaints, complainants, claims and/or investigations pertaining to any complaints, complainants, claims and/or investigations pertaining to any complaints, complainants or claims submitted against any City of Pittsburgh employee with the Office of Professional Standards/ Office of Municipal Investigations or any other individual or department of the City of Pittsburgh; critical incident reviews, or other proceedings concerning internal investigations, an individual's medical, hospital and other treatment records, reports and related documentation; and an individual's personal identifying information (as set forth in Fed. R. Civ. P. 5.2) contained in police reports, arrest records, prosecution and jail files – including but not limited to all photocopies, notes, abstracts or summaries of the within-referenced information.

**<u>Disclosure</u>**

3. The parties understand and acknowledge that all material previously disclosed by Plaintiff in Plaintiff's mediation and the below documents can be disclosed to the public as determined by Plaintiff or Defendants in a manner consistent with this agreement and the laws of Pennsylvania. Such material explicitly include:

   i. 911 audio call made to the Department of Emergency Services
   ii. Dispatch Calls made to every responding police officer
   iii. All Dashboard & Body Camera Footage relating to City of Pittsburgh Police interaction with Jim Rogers on October 13, 2021.
   iv. Media provided to the Plaintiff from members of the public
   v. Media provided to the Plaintiff directly from UPMC.
   vi. The previously released executive summary of the Police Critical Incident Review Board, specifically CITY/JF – 003- CITY/JF – 017.

    vii. CITY-JF 517-989 - ALLEGHENY COUNTY POLICE DEPARTMENT FILE (Subject to any CHRIA or other state law requirements or Plaintiff's agreements with the ACPD outside the control of the City of Pittsburgh).
    viii. CITY-JF 990-1001 - CITY POLICE REPORTS (Subject to any CHRIA or other state law requirements or Plaintiff's agreements with the ACPD outside the control of the City of Pittsburgh).
    ix. CITY-JF 1002-1021 - MEDICAL EXAMINER AUTOPSY REPORT (Subject to any CHRIA requirements or Plaintiff's agreements with the ACPD outside the control of the City of Pittsburgh and the below section regarding Personally Identifiable Information ("PII") and Personal Health Information ("PHI"))
    x. City of Pittsburgh Police Policies and Orders CITY-JF 3681-3769.
    xi. City of Pittsburgh EMT Policies and Orders CITY-JF 3770-3776.
    xii. CITY-JF 4293-4298 - EOC CAD Sheet - Dispatch Transcript.
    xiii. Plaintiff's Expert Reports written by David Wright and Dr. Bennet Omalu.

**Non- Disclosure: documents that remain confidential and subject to penalties described in original Confidential Stipulations and/or Court Sanctions**

4. The parties understand and acknowledge that all material relating to the employment of the individual officers and documents outside of the above list produced in discovery will remain confidential. These documents explicitly include:

    i. The non- previously released documents in the Critical Incident Review Board Report (as protected by privilege asserted and granted in a ruling by Judge Rangos in the Allegheny County Court of Common Pleas, specifically CITY/JF – 001- CITY/JF – 002; CITY/JF – 018- CITY/JF – 367 (unless explicitly included in the above list at Section 3 of this Amended Stipulation)
    ii. Employee personnel history, including any OMI, Discipline, Training or other personal employment files.
    iii. Written Answers to Requests for Interrogatories or Requests for Admissions, unless answers are released by the authoring parties.

4.1 Disclosure of the documents explicitly contained in the above list titled "documents that remain confidential and subject to penalties described in original Confidential Stipulations and/or Court Sanctions" at Section 4 of this Amended Stipulation remain subject to the agreements on correction and/or sanctions as described the parties original Confidentiality Stipulation and/or by the United States District Court for the Western District of Pennsylvania.

**Personal identifier information and Personal Health information**

5.  By issuing this Protective Order, parties have notice that the documents subject to public release may contain PII and/or PHI of parties or non-parties. It is the obligation of the party seeking release to ensure any release of documents containing PII and/or PHI abide by any applicable laws. The Party seeking to release any documents according to this Protective Order undertakes the duty to remove any protected PII or PHI of any party, including the Plaintiff,[1] in this case and assumes any potential liability for the release of such information.

**Documents exchanged in discovery, but not explicitly named in this Amended Stipulation**

6.  Any document not specifically named in this document, but otherwise covered by the previous Confidentiality Stipulation or other rules of privilege or confidentiality rules remains confidential unless specifically addressed by the party seeking disclosure.

*Cynthia K. Eddy*
J.

---

[1] Plaintiff shall defer to the executor of Mr. Jim Rogers' estate as to the appropriate release of any PII or PHI related to Mr. Jim Rogers.